## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER RAD, : | |
|     Petitioner : | |
| : | No. 1:21-cv-00030 |
| v. : | |
| : | (Judge Kane) |
| CRAIG A. LOWE, : | |
|     Respondent : | |

### MEMORANDUM

On January 7, 2021, pro se Petitioner Christopher Rad ("Petitioner"), who is presently incarcerated at the Pike County Correctional Facility ("PCCF"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Following an Order to show cause (Doc. No. 7), Respondent filed a response to the § 2241 petition on February 11, 2021 (Doc. No. 10). Petitioner filed a traverse on February 22, 2021. (Doc. No. 11.) For the reasons set forth below, the Court will dismiss Petitioner's § 2241 petition for lack of jurisdiction.

**I. BACKGROUND**

In 2011, Petitioner "was indicted on federal charges relating to his role in the use of spam emails as part of a 'pump and dump' stock price manipulation scheme." See Rad v. United States, No. 19-3694, 2021 WL 650926, at *1 (3d Cir. Feb. 19, 2021). Of note,

> [Petitioner] was the middleman between the masterminds of the scheme and the personnel who executed it through email spamming. The superseding indictment charged [Petitioner] with nine counts. Count One charged him with conspiracy to commit: (1) securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff; (2) "false header spamming" in violation of 18 U.S.C. § 1037(a)(3); and (3) "false registration spamming" in violation of 18 U.S.C. § 1037(a)(4). Counts Two through Four were substantive charges of false registration spamming. Count Five was a charge of conspiring to commit "unauthorized access spamming" in violation of 18 U.S.C. § 1037(a)(1), and Counts Six through Nine were substantive charges of unauthorized access spamming.

See id.  A jury found Petitioner guilty of Counts One, Five, Six, Seven, Eight, and Nine.  See id.  The United States District Court for the District of New Jersey sentenced Petitioner to 71 months' incarceration.  See id.  The United States Court of Appeals for the Third Circuit subsequently affirmed Petitioner's convictions and sentence.  See United States v. Rad, 559 F. App'x 148 (3d Cir. 2014).  Petitioner subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the sentencing court denied.  See Rad, 2021 WL 650926, at *1.  The Third Circuit recently affirmed the denial of Petitioner's § 2255 motion.  See id. at *3.

Petitioner is currently in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE").  (Doc. No. 1 at 1.)  He has been in ICE custody "since January of 2018 while he challenges an order of removal to Canada."  (Id.)  Petitioner avers that he was ordered removed "under Section 237(a)(2)(A)(iii) to [wit] [8 U.S.C. § 1101](a)(43)(M)(i) [for having committed] an offense involving fraud or deceit which the loss to the victim exceeds $10,000."  (Id. at 2.)  Recently, the Third Circuit held that "Petitioner's convictions for conspiring to violate the CAN-SPAM[1] act necessarily entail deceit, and therefore satisfy the first element of an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i)."  See Rad v. Att'y Gen., 983 F.3d 651, 656 (3d Cir. 2020).  The Third Circuit further held that "intended losses, not just actual ones, may meet the loss requirement for Petitioner's conspiracy offenses."  See id.  The Third Circuit vacated the Board of Immigration Appeals ("BIA")'s removal order and remanded for "further consideration of whether [Petitioner's] CAN-SPAM Act convictions reflect over $10,000 in intended losses."  See id. at 671.

---

[1]This acronym is commonly used to refer to the Controlling the Assault of Non-Solicited Pornography and Marking Act of 2003.  (Doc. No. 10 at 2.)

In his § 2241 petition, Petitioner asserts that the Third Circuit's "precedential opinion in [his] immigration case [has] rendered the acts that supported conviction in count 1 of [his] criminal conviction non-criminal." (Doc. No. 1 at 2-3.) According to Petitioner, the Third Circuit "held that prosecution under 18 U.S.C. § 1037(a)(3) and (a)(4), the statute that predicates the Petitioner's count 1 conviction that is the subject of this petition, necessarily entails deceit to convict." (Id. at 4.) He avers that "§ 1037(a)(3) only punishes individuals who 'falsify' the source, destination[,] and routing information attached to a commercial electronic mail message." (Id. at 5.) According to Petitioner, his conviction "lack[ed] any sort of intent to defraud or deceive." (Id. at 11.) As relief, Petitioner requests that the Court grant his § 2241 petition and vacate his conviction on Count One. (Id. at 12.)

## II.   DISCUSSION

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d

723, 726 (M.D. Pa. 2001); see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under § 2241,

the § 2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

In the instant case, Petitioner clearly challenges his conviction and sentence on Count One, asserting that the Third Circuit's recent decision in his immigration proceedings renders that conviction invalid. (Doc. No. 1.) Petitioner avers that § 2255 is inadequate or ineffective because he has already filed a § 2255 petition and he "cannot meet the gatekeeping requirements to file a second or subsequent petition under § 2255(h)." (Doc. No. 11 at 1.) This Court, however, has noted that "[t]he remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." See Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Morever, as noted above, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." See Long, 611 F. App'x at 55.

In any event, while Petitioner asserts that he is now innocent of violating § 1037(a)(3) and (a)(4), his claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Indeed, the Third Circuit, in its opinion affirming the denial of Petitioner's § 2255 motion, noted as such. In those proceedings, Petitioner had filed a motion to take judicial notice, which the Third Circuit denied. See Rad, 2021 WL 650926, at *3. The Third Circuit noted:

> By this motion, [Petitioner] seeks to assert a claim that he has been rendered innocent by Rad v. Attorney General, 983 F.3d 651 (3d Cir. 2020), in which we recently addressed the immigration consequences of his convictions. We could construe [Petitioner's] motion as an application under 28 U.S.C. §§ 2244 and 2255 for leave to file a second or successive § 2255 motion because [Petitioner] appears to be seeking to raise another § 2255 claim and our disposition of this appeal concludes his initial § 2255 proceeding. See United States v. Folk, 954 F.3d 597, 6090 (3d Cir. 2020). We decline to do so both because [Petitioner] knows how to file § 2244 applications (C.A. No. 17-2290) and because [Petitioner's] reliance on our opinion in his immigration case does not qualify for authorization. See 28

> U.S.C. § 2255(h).  We further decline to address whether [Petitioner] has any other procedural mechanism for raising this claim because this claim lacks merit.  In Rad, we held (as relevant here), that convictions under 18 U.S.C. § 1037(a)(3) and (4) categorically involve fraud or deceit for purposes of 8 U.S.C. § 1101(a)(43)(M)(i).  Contrary to [Petitioner's] argument, we did not interpret these statutes in a way that makes [Petitioner] innocent of these offenses or that renders the evidence at trial insufficient to convict.

Id. at *3 n.7.  Petitioner, therefore, may not rely upon § 2241 to raise his claims, and the Court will dismiss his § 2241 petition for lack of jurisdiction.

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction.  Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary.  An appropriate Order follows.